IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**THOMAS MCLEAN HENDLEY,**　　　　　　　　　　　　　　　　　**PLAINTIFF**
**Reg. #54647-019**

**V.**　　　　　　　　**CASE NO. 2:17-CV-100-JLH-BD**

**TRACY GUTHRIE, et al.**　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**　　**Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Any party to this suit may file written objections with the Clerk of Court by August 27, 2018. Objections should be specific and should include the factual or legal basis for the objection. By not objecting, the right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.

**II.**　　**Background**

Thomas McLean Hendley, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), originally filed this lawsuit as a habeas corpus petition. (Docket entry #1) He later notified the Court that he had mistakenly filed the case as a habeas petition when he intended to file claims under *Bivens*. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (#7)

In his complaint, Mr. Hendley alleged that he was denied the ability to communicate with his family, friends, and attorney because he was barred from using the

Bureau of Prison's email system, TRULINCS. Mr. Hendley attached papers to his complaint indicating that he was restricted from using email correspondence due to his conviction for possessing and distributing child pornography. In addition, he complained of discrimination based on the nature of his conviction, that is, possession of child pornography.

Mr. Hendley later filed an amended complaint further explaining his *Bivens* claims and adding claims under the Federal Tort Claims Act (FTCA). (#12)

The Court dismissed Mr. Hendley's first amendment claim, as well as his access-to-courts claim; but, Mr. Hendley was allowed to proceed on his FTCA claim and his equal protection claim. (#13)

Defendants filed a motion to dismiss and a supplemental motion to dismiss all remaining claims. (#34, #36) Because they attached exhibits in support of their motions, the Court converted the motions and notified the parties that it would consider the motions to dismiss as motions for summary judgment. (#41) The Court gave the parties an opportunity to file additional evidence and statements of undisputed facts. (*Id.*) In response, Defendants filed a statement of undisputed facts. (#43) Mr. Hendley filed a response to the Defendants' motions. (#44)

Later, the Court notified the parties that the Court would consider whether to grant summary judgment on the equal protection claim as well other claims, even though Defendants had not addressed Mr. Hendley's equal protection claim in their motions. The Court gave the parties additional time to file supplemental responses. (#45)

On May 30, 2018, Defendants filed a supplement to their motions to dismiss.[1] In that supplement, Defendants notified the Court that Mr. Hendley had been granted access to TRULINCS e-mail in May of 2018, and argued that his constitutional claims arising from his denial to email access were moot. (#48)

Mr. Hendley responded with a motion for compensatory damages (#49) and a motion for summary judgment. (#51) In his motion for damages, Mr. Hendley concedes that BOP officials granted him email privileges on May 22, 2018, but notes that access was granted only after he agreed to drop his constitutional challenge to the BOP policy restricting email access. (#49) He argues that he should be allowed to recover his $350 filing fee, $220.95 in copy costs, $39.32 for supplies used in prosecuting this case, $27.93 for postage, and $31.05 for certified mail charges, for a total of $669.25. (#49, p.2)

In his motion for summary judgment, Mr. Hendley argues that he is entitled to a ruling on his constitutional claim, even though he now has access to email. In response to Mr. Hendley's motion for summary judgment, Defendants contend that Mr. Hendley failed to fully exhaust his administrative remedies regarding his equal protection claim and that, for that reason, that claim should be dismissed. (#52) Mr. Hendley has not replied to the Defendants' response, and the response time has passed. All motions are now ripe for review.

---

[1] The Clerk of Court is directed to change the designation of docket entry #48 from "Response to Motion to Dismiss" to "Supplemental Motion to Dismiss."

## III. Discussion

A. Standard

In a summary judgment, the Court rules in favor of a party before trial. A party moving for summary judgment must produce evidence showing that there is no genuine dispute about any fact that is important to the outcome of the case. The responding party must then come forward with evidence showing that there is indeed a dispute as to critical facts. In considering the evidence, the Court views the evidence in a light most favorable to the non-moving party. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986).

B. Exhaustion – Federal Tort Claims Act ("FTCA")

The FTCA prohibits "a claim against the United States for money damages" unless the claimant has first exhausted his administrative remedies. 28 U.S.C. § 2675(a). A claimant must first present the claim to the appropriate federal agency and the issue is completed only after the claim has been finally denied by the agency, in writing, and delivered by certified or registered mail. *Id.*

Mr. Hendley filed this lawsuit on June 8, 2017. (#1) He filed his administrative tort claim on August 21, 2017. (#35-1 at p.44) The BOP responded to Mr. Hendley's claim on November 8, 2017. (*Id.*) Based on these undisputed dates, Mr. Hendley's FTCA claim was not fully exhausted before he filed his complaint. For that reason, his FTCA claims should be DISMISSED, without prejudice.

C. *Bivens* Claim

In his complaint and his amended complaint, Mr. Hendley alleges that he was discriminated against based on the nature of his criminal conviction. He alleges that inmates convicted of either the same crimes as those he was convicted of or of other "computer-related crimes" were allowed access to email. (#42 at p.9)

Defendants argue that Mr. Hendley's *Bivens* claim that he was denied email access fails because there is no constitutional right to email access. They also contend that Mr. Hendley failed to exhaust administrative remedies as to his *Bivens* claims. In support of their motion, Defendants offer the declaration of Susan Gaither-Miller, the Associate Warden's Secretary at the United States Department of Justice, as well as Mr. Hendley's BOP grievance papers, to support their argument. (#53-1)

According to Ms. Gaither-Miller, Mr. Hendley exhausted one administrative remedy through the BOP grievance procedure during his incarceration, Administrative Remedy Appeal 873300-A1. (*Id.* at p.4) It is undisputed that administrative remedy concerned Mr. Hendley's request for TRULINCS email access. (*Id.* at pp.4, 17-20) Ms. Gaither-Miller testifies that "Administrative Remedy Appeal 873300-A1 does not mention the Program Statement 4500.11, a claim for violation of [Mr. Hendley's] equal protection rights, or any claims related to the application of PS 4500.11 to other inmates." (*Id.* at p.4)

That argument is not persuasive. In fact, Mr. Hendley specifically complained that the Warden's email policy targeted sex offenders. (*Id.* at pp.18-20) In addition, in his Regional Administrative Remedy Appeal, Mr. Hendley specifically stated, "all sex

5

offenders are being denied access and it is discriminatory." (*Id.* at p.29) Therefore, Mr. Hendley sufficiently exhausted his administrative remedies regarding his equal protection claim.

Even so, Mr. Hendley cannot prevail on a claim that Defendants violated his constitutional right to equal protection. He does not allege, nor can he prove, that he is a member of a protected class or that Defendants violated a fundamental constitutional right. To succeed on his equal protection claim, Mr. Hendley would have to show "that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (citing *Weiler v. Purkett,* 137 F.3d 1047, 1051 (8th Cir.1998)). He must also show intentional or purposeful discrimination. *Klinger v. Dep't of Corr.,* 31 F.3d 727, 733 (8th Cir. 1994). Notably, Mr. Hendley cannot rely solely on any alleged violation of BOP regulations to support this claim. *Muick v. Reno*, 83 F. App'x 851, 853 (8th Cir. 2003) (citing *Arcoren v. Peters,* 829 F.2d 671, 676–77 (8th Cir. 1987) (violation of regulation does not suffice under *Bivens* unless regulation provides basis for claim of constitutional right), *cert. denied,* 485 U.S. 987, 108 S.Ct. 1290 (1988)).

Here, Defendants attached the declaration of Darlene Gallardo, the Unit Manager for FCI-FC, to their motion. (#35-1 at p.2) Ms. Gallardo testifies that Mr. Hendley was first convicted of possession of child pornography in 2003 and was sentenced to 78 months' incarceration. (*Id.*) He was convicted of possession of child pornography again in March of 2016 and was sentenced to 156 months' incarceration. (*Id*.) He arrived at

6

FCI-FC on April 22, 2016. (*Id.* at p.3) At that time, Defendant Rivera reviewed his criminal history, as well as the fact that his offense fell within the guidelines of Program Statement 4500.11. Warden Rivera determined that Mr. Hendley's access to email should be restricted. Program Statement 4500.11 provides that an "inmate whose offense, conduct, or other personal history indicates a propensity to offend through the use of email or jeopardizes the safety, security, orderly operation of the correctional facility, or the protection of the public or staff, should be seriously considered for restriction." (*Id.*)

In response to the Defendants' motions, Mr. Hendley produced the affidavits of other inmates who were provided email access when he was not. It is not clear, however, what criminal offenses those inmates committed. (#44 at pp.5-12) Therefore, the Court cannot conclude that any similarly situated inmate was allowed access to the TRULINC email system when Mr. Hendley was not. Moreover, Mr. Hendley has not come forward with any evidence that Defendant Rivera, or any other Defendant, intentionally or purposely discriminated against him. Rather, Mr. Hendley relies solely on the Defendants' alleged violation of BOP guidelines to support his constitutional claim. Because Mr. Hendley has failed to create any genuine issue of disputed fact regarding this claim, Defendants are entitled to judgment as a matter of law.

## IV.    Conclusion

The Court recommends that the Defendants' motions (#34, #36) to dismiss be GRANTED. Mr. Hendley's FTCA claim against the USA should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies. Mr.

Hendley's equal protection claim should be DISMISSED, with prejudice. Mr. Hendley's pending motions (#49, #51) should be DENIED, as moot.

DATED, this 13th day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE